UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MAHMOUD MAHRAN,

                              Plaintiff,

                                                      **DECISION AND ORDER**
       v.                                                   10-CV-715A

BENDERSON DEVELOPMENT
  COMPANY, LLC,

                              Defendant.

---

## I. INTRODUCTION

On August 30, 2010, *pro se* plaintiff Mahmoud Mahran filed a complaint against his former employer, Benderson Development Company, LLC ("Benderson"). Among other claims, plaintiff alleged that Benderson disclosed confidential details of a disability to his co-workers without his permission, in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101–12213. On January 12, 2011, Benderson filed a motion to dismiss plaintiff's complaint in its entirety. Benderson sought to dismiss plaintiff's ADA confidentiality claim because, like his ADA discrimination claim, he had not filed it with the Equal Employment Opportunity Commission ("EEOC") before bringing suit. On April 18, 2011, this Court issued a Decision and Order (Dkt. No.

12) that sustained plaintiff's ADA confidentiality claim. In sustaining that claim, the Court reasoned that the confidentiality provisions of the ADA, 42 U.S.C. § 12112(d)(4)(A) and 29 C.F.R. § 1630.14(c), create their own private right of action and carry obligations independent of any provision of the ADA concerning employment discrimination. Because plaintiff was not alleging that the breach of confidentiality in itself led to any adverse employment actions, and because any requirement to file a prior complaint with the EEOC related only to adverse employment actions, a prior filing with the EEOC was not necessary.

On May 4, 2011, Benderson filed a motion for reconsideration of the Court's holding with respect to plaintiff's ADA confidentiality claim. Benderson has cited to additional case law that purportedly supports its argument that even a free-standing confidentiality claim with no connection to employment discrimination must first be filed with the EEOC. The Court has deemed Benderson's motion for reconsideration submitted on papers pursuant to Rule 78(b) of the Federal Rules of Civil Procedure ("FRCP"). For the reasons below, the Court denies the motion.

**II.     DISCUSSION**

    **A.     *FRCP 60(b) and Reconsideration Generally***

Because Benderson suggests that the Court "was mistaken in its reading of the ADA" (Dkt. No. 16 at 2), its motion fits best under FRCP 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final

judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . or any other reason that justifies relief." FRCP 60(b)(1, 6). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Relief under FRCP 60(b) is discretionary. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) ("Rule 60(b) provides a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances, and relief under the rule is discretionary.") (alteration in the original) (internal quotation marks and citations omitted).

  B. ***Confidentiality Breaches Under the ADA***

  Benderson's request for reconsideration essentially reduces to a somewhat technical legal question that appears to have been rarely litigated: Does a plaintiff have to report an ADA confidentiality violation to the EEOC if he alleges no resulting discrimination, and if the disclosure of confidential information is in itself the only ADA violation? In its prior Decision and Order, the Court said no. The Court reached that conclusion because the enforcement mechanisms of the ADA that require prior reporting to the EEOC concern conditions of employment. In

3

contrast, Benderson argues that the answer to the above question is yes, based on the following cases:

    1.    *Zembiec v. County of Monroe*, ___ F. Supp. 2d ___, 2011 WL 703619 (W.D.N.Y. Feb. 22, 2011) (Larimer, *J.*).  This case is distinguishable for two reasons.  First, the ADA cause of action in the complaint alleged mishandling of confidential information that the employer required the employee to disclose to determine the employee's ability to do the job in question.  (*See* Case No. 09-CV-6075, Dkt. No. 1 ¶ 50.)  That cause of action thus had at least some connection to employment discrimination.  Second, the employee conceded the employer's argument for dismissal.  Whether the court would have dismissed the cause of action without that concession is unknown.

    2.    *Dottolo v. Byrne Dairy, Inc.*, No. 5:08-CV-0390, 2010 WL 2560551 (N.D.N.Y. June 22, 2010).  This case is distinguishable because the ADA claim concerned the requirement to submit to a medical examination as a condition of employment, which again relates in some way to employment discrimination.

3. *Downie v. Revco Discount Drug Ctrs., Inc.*, 448 F. Supp. 2d 724 (W.D. Va. 2006). The court in this case dismissed an ADA claim by holding that "[o]nly those *discrimination* claims stated in the initial charge [to the EEOC], those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a later suit." *Id.* at 728 (citation omitted) (emphasis added). In the present case, the only ADA claim that survived dismissal does not allege employment discrimination stemming from the breach of confidentiality.

4. *Khalil v. Rohm & Haas Co.*, Civil Action No. 05-3396, 2008 WL 383322 (E.D. Pa. 2008). This case does not help resolve the question at hand because "[a]t the oral argument held on January 25, 2008, Ms. Khalil's counsel represented to the Court that Ms. Khalil is no longer pursuing a claim based on the alleged disclosure of confidential medical information." *Id.* at *26. Whether that claim would have survived summary judgment absent the withdrawal is unknown.

5. *Pouliot v. Town of Fairfield*, 184 F. Supp. 2d 38 (D. Me. 2002). The court in this case held that "[p]laintiff has . . . stated a claim for disclosure of confidential medical information under .

. . the ADA . . . ." *Id.* at 54. The court held that generally that a prior EEOC filing was necessary, but that holding appears aimed primarily at the employment-discrimination claim that the plaintiff also made. Whether the court would have required a prior EEOC filing for only a confidentiality claim is unclear.

In the absence of case law that explicitly supports Benderson's analysis, leaving the Court's prior Decision and Order undisturbed is prudent for three reasons. First, plaintiff will have an identical confidentiality claim under the FMLA regardless of whether he can also maintain that claim under the ADA. Since Benderson's argument would not alter the Court's conclusion regarding the confidentiality claim generally, it does not meet the standard for reconsideration. Second, there does appear to be some support for a free-standing ADA confidentiality claim that does not have to be filed with the EEOC. *See Doe v. U.S. Postal Serv.*, 317 F.3d 339, 345 (D.C. Cir. 2003) (sustaining a confidentiality claim under the ADA even after the plaintiff withdrew his EEO complaint and filed suit). Finally, while Benderson makes a reasonable point about limitations periods, the flip side to requiring an EEOC filing for a confidentiality claim is the possibility that an employer could breach confidentiality with impunity, so long as the employee does not think to file with the EEOC because he is not alleging any adverse employment action.

6

### III.     CONCLUSION

For all of the foregoing reasons, the Court denies Benderson's motion (Dkt. No. 15).

SO ORDERED.

                                                *s/ Richard J. Arcara*
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT JUDGE

DATED: May 24, 2011